**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Soger; and G. Gregory, | No. CV-10-1747-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| The State of Arizona, et al., | |
| Defendants. | |

Plaintiffs Nicole Soger and G. Gregory commenced this action by filing a pro se complaint against the State of Arizona, DES/CPS, the Attorney General, and certain child protective services caseworkers. Doc. 1. Plaintiffs allege generally that their minor child was taken from them without cause for four months. *Id.* Plaintiffs have filed a motion to proceed in forma pauperis. Doc. 4. For reasons stated below, the Court will deny the motion without prejudice and dismiss the complaint without prejudice and with leave to amend.

Plaintiffs' complaint does not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Among its many defects, the complaint does not adequately allege subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if it arises under federal law or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a). Diversity of citizenship does not exist, nor does the

1  complaint assert a claim under federal law.  The Court will dismiss the complaint without
2  prejudice for lack of subject matter jurisdiction.  *See Fiedler v. Clark*, 714 F.2d 77, 78-79
3  (9th Cir. 1983) ("a federal court "may dismiss *sua sponte* if jurisdiction is lacking"); *see also*
4  28 U.S.C. § 1915(e)(2) (a district court may dismiss an *in forma pauperis* complaint that fails
5  to state a claim to relief).  Plaintiffs shall have until **October 1, 2010** to file an amended
6  complaint.

7         For purposes of the amended complaint, Plaintiffs are directed to Rule 8 of the Federal
8  Rules of Civil Procedure.  Rule 8(a) provides that a complaint "shall contain (1) a short and
9  plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short
10 and plain statement of the claim showing that the pleader is entitled to relief, and (3) a
11 demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  These pleading
12 requirements shall be set forth in separate and discrete paragraphs.  The paragraphs must be
13 numbered in consecutive order.  Each paragraph must be "simple, concise, and direct."  Fed.
14 R. Civ. P. 8(d)(1).  Plaintiff must set forth each discrete legal claim for relief in a separate
15 count (i.e., count one, count two, etc.).

16        Plaintiffs are advised that vague references to wrongdoing on the part of Defendants
17 are insufficient to satisfy the pleading requirements of Rule 8.  The amended complaint must
18 give *each Defendant* fair notice of Plaintiffs' claim and must plead "enough facts to state a
19 claim to relief that is plausible on its face.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
20 (2007). This plausibility standard "asks for more than a sheer possibility that a defendant has
21 acted unlawfully," demanding instead sufficient factual allegations to allow "the court to
22 draw the reasonable inference that the defendant is liable for the misconduct alleged."
23 *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Rule 8, as interpreted by *Twombly* and
24 *Iqbal*, requires some factual basis for *each claim* asserted and the *specific legal theory*
25 supporting the claim.  "Threadbare recitals of the elements of a cause of action, supported
26 by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.

27        Plaintiffs are advised that they must become familiar with, and follow, the Federal
28 Rules of Civil Procedure and the Court's Local Rules of Civil Procedure.  *See King v. Atiyeh*,

- 2 -

814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website:  www. law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained in the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions /Orders/Rules").

Plaintiffs are further advised that if they fail to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (district court did not err in dismissing pro se civil rights action for failure to comply with a local rule); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (district court did not err in dismissing pro se action for failure to comply with a court order).

**IT IS ORDERED:**

1. Plaintiffs' complaint (Doc. 1) is **dismissed** without prejudice.
2. Plaintiffs shall have until **October 1, 2010** to file an amended complaint.
3. Plaintiffs' motion to proceed in forma pauperis (Doc. 4) is **denied** without prejudice.

DATED this 15th day of September, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge